USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-17-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HERNANDO ESTEVENS MONTOYA GUZMAN,

Defendant.

16-CR-136-02 (CM)

## DECISION AND ORDER DENYING SENTENCE REDUCTION PURSUANT TO AMENDMENT 821 OF THE UNITED STATES SENTENCING GUIDELINES MANUAL

McMahon, J.:

On July 25, 2017, the Court sentenced Hernando Estevens Montoya Guzman to 151 months' imprisonment, in connection with his guilty plea to conspiring to distribute, and possess with intent to distribute, one kilogram and more of heroin, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Montoya's sentencing Guidelines range was 151 to 188 months' imprisonment— based on a Total Offense Level of 31 and a Criminal History Category of IV.

Montoya's projected release date is April 25, 2027.

Before the Court is Montoya's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 187). His motion seeks a sentence reduction, pursuant to United States Sentencing Guidelines Amendment 821 (Part A), which reduces the criminal history point upward adjustment for offenders who commit their instant offense while under any criminal sentence, from two points to one point, and (as is relevant here) only applying the upward adjustment to defendants who received seven (7) or more criminal history points.

The Probation Department has determined, and the Government agrees, that Montoya is eligible for a reduction of sentence, pursuant to Amendment 821, Part A.

1

Montoya received a two-point upward adjustment as a result of having committed the instant offense while serving a federal term of supervised release. However, under Amendment 821, Part A, Montoya is no longer subject to that enhancement since he only had 6 criminal history points prior to the instant conviction. As a result, Montoya's Criminal History Category is reduced from IV to III. Thus, his amended Guidelines range is 135 to 168 months' incarceration (reflecting a Total Offense Level of 31, and a Criminal History category of III).

Accordingly, the Court finds that the Montoya is eligible for a sentence reduction and adopts the above calculations as his now applicable Guidelines range.

Where a defendant qualifies for a sentencing reduction, Section 1B1.10 of the Guidelines directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g., United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

The Government urges that the Court not disturb Montoya 151 months sentence. The Government argues that, at the time of sentencing, it was the Government's position that a sentence within what is now the amended advisory Guidelines range of 135 to 168 months'

imprisonment would be sufficient but not greater than necessary to achieve the objectives of sentencing. (Dkt. No. 52). The Government took that position because the parties stipulated in the plea agreement to a Guidelines range of 135 to 168 months' imprisonment, rather than the proper range of 151 to 188 months' imprisonment. The difference was due to the plea agreement's failure to account for the fact that the defendant was serving a federal term of supervised release when he committed the instant offense. The Government argues that a sentencing reduction would be inappropriate given the seriousness of Montoya's offense, his history of recidivism, and the continued need for deterrence.

The Government is correct.

Montoya participated in an international narcotics conspiracy, for which he helped to coordinate the transport of heroin to the United States by drug mules who travelled from Colombia to the United States on commercial flights and acted as the U.S.-based distributor of those heroin shipments. As I stated during his sentencing, "Mr. Montoya is obviously a sophisticated drug dealer, he is obviously someone who has ascended to a high level in an international drug organization, and he should be treated as such." (Tr. 11:15-18.)

Indeed, at the time of his sentencing, Montoya had two prior convictions for drug-related crimes. In 2002, Montoya was convicted of criminal possession of a controlled substance – again, heroin – resulting in a sentence of 3 years' to life imprisonment. For reasons unknown, Montoya was released on parole after only six months. (PSR ¶ 34.) In 2009, Montoya pleaded guilty to money laundering after he was stopped with $19,000 of drug-related proceeds hidden in his car. Montoya was sentenced to 24 months' imprisonment and 2 years' supervised release. He was released from prison on August 25, 2011; his term of supervised release ran until August 24, 2013. (*Id.* ¶ 35.) Of particular interest to this Court, and as I articulated during the sentencing, is the fact

that Montoya became involved in the present conspiracy to distribute heroin in April 2013, while he was still on his term of supervised release— this remains a salient fact, even though it no longer subjects him to a criminal history point enhancement.

While the Court recognizes that Montoya has made significant strides at rehabilitation and has but one disciplinary violation while incarcerated, that, in the Court's view, cannot offset Montoya's criminal history and the harm he caused to the community. Montoya's sentence of 151 months' imprisonment was warranted at the time of sentencing, and it remains so today.

This constitutes the decision and order of the Court.

_____
Colleen McMahon
United States District Judge

Dated: April 16, 2024
       New York, New York